Collier *vs.* Adkins.

---

FRANCIS P. COLLIER, plaintiff in error, *vs.* BOOKER ADKINS, sheriff, defendant in error.

1. Where the sheriff, in answer to a rule requiring him to show cause why he should not pay over to the plaintiff in mortgage *fi. fa.* the proceeds of the sale of the mortgaged property, set up that he had been notified by the Ordinary that said property had been set apart to the defendant in *fi. fa.* as a homestead, and required to pay over said fund to him,

Collier *vs.* Adkins.

the Ordinary, and the sheriff submitted the question to the Court, to whom the money should be paid, it was not error to discharge the rule. (R.)

2. Where the application for a homestead in the mortgaged property was filed on December 14th, 1868, and on the same day the Ordinary passed an order allowing the same, under the 7th section of the Homestead Act of 1868, no notice of the application having been given by published citation or otherwise, it was error in the Court to order the fund to be taken from the mortgage *fi. fa.* and paid over to the Ordinary for the benefit of the homestead, without notice to the plaintiff, and without his having an opportunity to contest the right of the applicant to the homestead. (R.)

3. The applicant for a homestead exemption, in all cases under the Constitution and the provisions of the Act of 1868, should give the notice, as required by the 3d section of the Act, as well in applications under the 7th section as under any other section. (R.)

Homestead. Notice. Rule against sheriff. Before Judge ANDREWS. Oglethorpe Superior Court. October Term, 1872.

For the facts of this case, see the decision.

R. TOOMBS; S. H. HARDEMAN, for plaintiff in error.

J. D. MATTHEWS, for defendant.

WARNER, Chief Justice.

A rule was obtained against the sheriff of Oglethorpe county, calling upon him to show cause why he should not pay to the plaintiff in a mortgage *fi. fa.* issued on the foreclosure of a mortgage of a house and lot in the town of Lexington, the money for which the mortgaged property sold. The sheriff showed for cause, in writing, that he had sold the property for $569 00, and after deducting costs, had in hand $550 00, that he had been notified by the Ordinary of said county that the mortgaged premises had been set apart as a homestead to the defendant as the head of a family, and required him to pay the proceeds of said sale over to him, the Ordinary, the sheriff attaching to his answer a certified copy of the judgment and proceedings had before the Ordinary in relation to the setting apart the mortgaged premises as a homestead, and

Collier *vs.* Adkins.

submitted to the judgment of the Court whether he should pay the money to the plaintiff in the mortgage *fi. fa.* or to the Ordinary.

The plaintiff in *fi. fa.* demurred to the answer of the sheriff as being insufficient to excuse him from having the rule made absolute against him, which demurrer was overruled by the Court, the effect of which was to discharge the rule against the sheriff, but the Court went further, and ordered the sheriff by its judgment to pay the money in his hands over to the Ordinary as a homestead exemption, whereupon the plaintiff in the mortgage *fi. fa.* excepted.

We find no error in the judgment of the Court in not making the rule absolute against the sheriff, as he was not in contempt of the process of the Court in not paying over the money to the plaintiff under the novel and peculiar facts of the case.

It appears from the record that the application for homestead was filed in the Ordinary's office on the 14th December, 1868, and on the same day the Ordinary passed an order allowing to the defendant the homestead exemption under the seventh section of the Homestead Act of 1868, no notice having been given of the application, either by published citation or otherwise, and the question is, whether the Court below erred in ordering the money in Court to be taken from the plaintiff in the mortgage *fi. fa.*, and paid over to the Ordinary for the benefit of the homestead without notice to the plaintiff, and without his having an opportunity to contest the right of the applicant to the homestead. We are all of the opinion that it was error in the Court in ordering the money paid over to the Ordinary under the facts of this case.

The judgment of the Ordinary, allowing the homestead, did not conclude the plaintiff in the mortgage *fi. fa.* from contesting the applicant's right to the homestead exemption, upon any legal and proper grounds, when in conflict with his legal rights; he might have shown that the money due on the mortgage *fi. fa.* was for the purchase money of the property, or that the applicant was not the head of a family, or that the

homestead exemption was procured by fraud, and the Court should have allowed the plaintiff the opportunity to have done any or all of these things before ordering the money paid over to the Ordinary to the exclusion of the plaintiff's right to it without a hearing, otherwise the plaintiff would be concluded by a judgment to which he was not a party, and of which he had no notice.

Speaking for myself alone, I should hold that the applicant for a homestead exemption in all cases under the Constitution and the provisions of the Act of 1868, should give the notice as required by the third section of the Act as well in applications under the seventh section, as under any other section of the Act. It is true that section does not in express terms require notice to be given, but it is an application for a homestead exemption under the Constitution, and the only reason why *the proceeds* of the sale of town property are to be exempted, is because it cannot be divided so as to give a homestead of the value of $2,000 00 in specie, but it is nevertheless a homestead exemption, and there may be as much fraud practiced upon creditors in procuring a homestead exemption in town property, as in any other species of property, and therefore, there is the same reason why notice of the application should be published; construing the whole Act together that, in my judgment, is the proper construction to be given to applications for a homestead exemption of town property, under the seventh section. It is an application for a homestead exemption under the provisions of the Constitution, and the applicant receives the proceeds of the property sold, instead of the property itself; that is the only difference between a homestead exemption out of town property and other property. What good reason can be given why the applicant should not give notice to his creditors when he claims a homestead in town property as well as in any other property?

Let the judgment of the Court below be reversed.